UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKIE SUE BRANCH, | No. 2:15-cv-2504-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB"), disabled widow's benefits, and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's cross-motion is granted.

I.   BACKGROUND

Plaintiff filed applications for a period of disability, DIB, widow's insurance benefits, and SSI, alleging that she had been disabled since January 31, 2007.[1] Administrative Record ("AR")

---

[1] Plaintiff subsequently amended her alleged onset date to June 28, 2012.

1

234, 319-322. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 243-252, 254-261. On July 31, 2014, a hearing was held before administrative law judge ("ALJ") Vincent Misenti. *Id.* at 43-89. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

On September 2, 2014, the ALJ issued an amended decision finding that plaintiff was not disabled under sections 216(i), 223(d), 202(e) and 1614(a)(3)(A) of the Act.[2] *Id.* at 13-23. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

3. The prescribed period ends on August 31, 2016.

4. The claimant has not engaged in substantial gainful activity since January 31, 2007, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

5. The claimant has the following severe impairments: carpal tunnel syndrome (hereinafter "CTS"); chronic obstructive pulmonary disease (hereinafter "COPD"); status post left eye aneurysm; and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

6. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

7. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently, and stand, sit, and walk up to 6 hours in an 8-hour workday. She is able to occasionally engage in overhead reaching with her left upper extremity. All other reaching is limited to frequent. The claimant is capable of frequent handling and fingering with her left hand. She is able to occasionally climb ramps and stairs, but is precluded from climbing ladders, ropes, or scaffolds. The claimant should avoid working around hazards such as machinery and heights. She is able to work around ordinary hazards in the workplace, such as boxes on the floor, doors ajar or approaching people or vehicles. The claimant is able [sic] to read very small print, but is able to read ordinary newsprint or bulk print.[3] She is precluded from engaging in commercial driving. The claimant is able to frequently socially interact with coworkers, and occasionally interact with the public.

\* \* \*

8. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

---

[3] As observed by plaintiff, it appears that the ALJ intended to state that the plaintiff *could not* read very small print. As written, the decision's distinction between very small print and ordinary newsprint is superfluous. Moreover, when posing hypothetical questions to the VE at the administrative hearing, the ALJ included restrictions "from performing tasks requiring reading of very small print." AR 81. In any event, the apparent scrivener's error is not relevant to the issues raised by the parties.

\* \* \*

    9. The claimant has not been under a disability, as defined in the Social Security Act, from January 31, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 16-23.

Plaintiff's request for Appeals Council review was denied on October 30, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 3-8.

II.    <u>LEGAL STANDARDS</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    <u>ANALYSIS</u>

Plaintiff argues that the ALJ erred in rejecting opinions from her examining physician, non-examining physician, and nurse practitioner without sufficient justification. ECF No. 17 at 8-13.

4

Plaintiff was seen by internist Roger Wagner, M.D., an examining physician. AR 632-636. Dr. Wagner diagnosed plaintiff with COPD, an aneurism burst of the left eye resolved with surgery in 2012, carpal tunnel syndrome, and hypertension. *Id*. at 636. It was Dr. Wagner's opinion that plaintiff could stand and walk up to six hours, sit without limitation, and lift 50 pounds occasionally and 25 pounds frequently. *Id*. He also opined that plaintiff had no postural limitations and no manipulative limitations with her right hand, but could only perform frequent manipulations with her left hand. *Id*. He also concluded that plaintiff should avoid working around chemicals, dust, fumes, and gasses given her COPD. *Id*.

The record also contains opinions from Dr. J. Linder, a non-examining physician. Dr. Linder opined that plaintiff could lift 50 pounds occasionally and 25 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, use her right hand without limitation, but was limited to occasional left hand manipulation. *Id*. at 186-187, 199-200, 212-213.

Plaintiff's nurse practitioner, Debra Martin, also completed a physical RFC statement. *Id*. at 855-858. Ms. Martin diagnosed plaintiff with hypertension, anxiety, COPD, osteoarthrosis, backache, chronic pain syndrome, hyperlipidemia, dysmetabolic syndrome, migraine headaches, depression, and carpel tunnel syndrome. *Id*. at 855. Ms. Martin opined that plaintiff's pain and stress would frequently interfere with the attention and concentration needed to complete simple work tasks, and that she could not walk one city block without rest or severe pain, walk one city block on rough or uneven ground, nor climb steps without the use of a handrail at a reasonable pace. *Id*. at 856. She further opined that plaintiff would need to lie down for 2 hours during an 8-hour workday due to fatigue, pain, and stress. *Id*. It was also Ms. Martin's opinion that plaintiff could sit for about 4 hours in an 8-hour workday; stand and walk for about 3 hours in an 8-hour workday; and lift 15 pounds occasionally,10 pounds frequently, but never 20 pounds or more. *Id*. at 856-857. She also opined that plaintiff would need to take a 15 minute break every hour, would be "off task" more than 30 percent of the time during an 8-hour workday, and that plaintiff's impairments would require her to be absent from work 5 days or more a month. *Id*. at 857-858.

Plaintiff first argues that the ALJ erred in rejecting Dr. Wagner's opinion that plaintiff should avoid working around chemicals, dust, fumes, and gases due to her COPD. ECF No. 12 at 4. In assessing plaintiff's RFC, the ALJ gave "substantial weight to the opinion of Dr. Wagner, placing the [plaintiff] at a medium exertional capacity, with manipulative and pulmonary restrictions." AR 21. Although the ALJ acknowledged that Dr. Wagner assessed pulmonary restrictions, the ALJ did not incorporate such restrictions into plaintiff's RFC. Moreover, the ALJ provided no explanation for his rejection of this portion of Dr. Wagner's opinion.

The Commissioner concedes that the ALJ did not explicitly reject the pulmonary limitations assessed by Dr. Wagner. ECF No. 13 at 6. Nevertheless, the Commissioner argues that "it is clear from [the ALJ's] decision he reviewed the medical evidence of record including this portion of Dr. Wagner's opinion and accorded it appropriate weight." *Id*. To support this contention, the Commissioner relies on the ALJ's observations that plaintiff's "COPD complaints appear brief, mild and reversible with medication. There is no evidence she has required emergency room intervention or hospitalization for COPD attacks. Pulmonary function studies were never performed. No treating or examining physician has precluded work based on COPD. Furthermore, [she] has continued to smoke, against medical advice." AR 22.

The ALJ's observations, however, were raised in support of his rejection of plaintiff's subjective complaints, which included statements that her COPD was one of several impairments that prevented her from worker. *See* AR 22, 56-57, 65-68. The ALJ did not, however, rely on such observations to reject Dr. Wagner's opinion.

Moreover, the ALJ's observations regarding plaintiff's COPD symptoms and treatment do not undermine Dr. Wagner's opinion. Dr. Wagner did not opine that plaintiff's COPD would preclude all work. Instead, he only opined that plaintiff "should avoid working around chemicals, dust, fumes and gases given the COPD." AR 636. This opinion is not at odds with the ALJ's observations that plaintiff's shortness of breath and coughing may be controlled with medication, or the fact that plaintiff has not required emergency services for her COPD. The mere fact that medications have provided relief does not necessarily mean that plaintiff is free to work around chemicals and other pulmonary irritants without exacerbation of her COPD symptoms.

Simply put, the ALJ's brief discussion of plaintiff's COPD, which was raised only in the context of evaluating plaintiff's credibility, does not provide a sufficient basis for rejecting Dr. Wagner's opinion. The ALJ failed to provide any reason, much less a specific and legitimate reason, for rejecting Dr. Wagner's opinion that plaintiff had pulmonary limitations.

The Commissioner further argues that any error in not incorporating Dr. Wagner's full opinion in the RFC was harmless. ECF No. 13 at 7; *see Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error analysis applicable in judicial review of social security cases); *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (holding that a court may affirm an ALJ's decision "under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion."). The Commissioner contends that even with the pulmonary restrictions assessed by Dr. Wagner, plaintiff would be able to perform her past work as a housekeeper because that job does not entail exposure to chemicals, dust, fumes, or gases. *Id*.

The ALJ determined that plaintiff was not disabled based in part on a vocational expert's testimony that a hypothetical individual with plaintiff's RFC could perform plaintiff's prior relevant work as a housekeeper. According to the DOT, that job does not require exposure to air-borne irritants or chemicals. Cleaner, Housekeeper, DOT 323.687-014, 1991 WL 672783 (exposure to atmospheric conditions, toxic chaotic chemicals, and other environmental conditions are not present); *see also Meyerpeter v. Astrue*, 902 F. Supp. 2d 1219 (E.D. Mo. 2012) (finding that the ALJ's failure to include limitation to avoiding concentrated exposure to airborne irritants and chemicals in the hypothetical posed to the VE was harmless because the jobs identified by the VE, including housekeeper, did not require exposure to such conditions). Thus, any failure by the ALJ to include Dr. Wagner's opinion that plaintiff had pulmonary restrictions was harmless because plaintiff could work as a housekeeper even with such environmental limitations.

Plaintiff next argues that the ALJ failed to give sufficient reasons for rejecting Dr. Linder's opinion that plaintiff was limited to only occasional handling and fingering with her left

/////

/////

7

hand.[4] The ALJ accorded "significant weight" to Dr. Linder's opinion because it was "consistent with that of Dr. Wagner." The only significant difference was that Dr. Linder limited plaintiff to occasional handling and fingering, while Dr. Wagner limited plaintiff to frequent handling and fingering. The ALJ was permitted to resolve the conflict between Dr. Linder and Dr. Wagner's assessments and give greater weight to the opinion of Dr. Wagner, an examining physician. *See Edlund*, 253 F.3d at 1156 (an ALJ is responsible for resolving conflicts in medical testimony); Lester, 81 F.3d at 830 (the opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician); *cf. Sheffer v. Barnhart*, 45 F. App'x 644, 645 (9th Cir. 2002) ("Because the ALJ was entitled to resolve this evidentiary conflict between conflicting opinions of equal weight, he did not need to provide specific and legitimate reasons for rejecting [two treating physicians' opinions]."). Accordingly, the ALJ permissibly rejected Dr. Liner's opinion that plaintiff was limited to occasional handling and fingering.

Lastly, plaintiff argues that the ALJ failed to provide sufficient reasons for rejecting the opinion from her nurse practitioner, Ms. Martin. ECF No. 12 at 8-10. The applicable regulations provide that a nurse, although a treating medical source, is viewed as an "other source" and not as an "acceptable medical source." SSR 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d). In rejecting testimony from an "other source," the ALJ need only give germane reasons for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ may consider the mere fact that an opinion is not from an "acceptable medical source" in giving it reduced weight. *See* SSR 06–3p, 2006 WL 2329939, at *5; 20 C.F.R. §§ 404.1527(c), 416.927(c).

Here, the ALJ found the Ms. Martin's opinion sharply contrasted with the opinion of Dr. Wagner, suggesting that her opinion was influenced by sympathy for the plaintiff. AR 21. Consequently, the ALJ determined that Dr. Wagner's opinion was entitled to greater weight than the opinion provided by Ms. Martin. *Id*. The ALJ permissibly rejected Ms. Martin's opinion in favor of an opinion that was not only from an acceptable medical source, but also substantially consistent with the opinions from Dr. Linder, who is also an acceptable medical source. *See* 20

---

[4] Curiously, plaintiff does not challenge Dr. Bullard's identical opinion.

C.F.R. §§ 404.1527(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); 20 C.F.R. § 416.927(c)(4) (same); 20 C.F.R. § 404.1513(c) (findings by state agency physicians constitute proper evidence from non-examining sources); 20 C.F.R. § 416.913(c); SSR 96–6p ("State agency medical . . . consultants are highly qualified physicians . . . who are experts in the evaluation of the medical issues in disability claims.").

Accordingly, plaintiff has failed to demonstrate the ALJ committed reversible error.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9